UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-81053-CV-RUIZ
MAGISTRATE JUDGE REID

BRANDON MICHAEL RACE,

   Plaintiff,

v.

DAVID ANDREW ARONBERG et al.,

   Defendants.

## REPORT OF MAGISTRATE JUDGE

Plaintiff, a state inmate, has filed a Complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1]. As discussed below, the Complaint should be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and for failure to state a claim.

### I.   Complaint's Allegations

Plaintiff's allegations are conclusory and not fully clear. The thrust of the Complaint is that state prosecutors, a detective, and a private citizen/witness conspired to "falsif[y] evidence and claims" in connection with a 2017 burglary prosecution and a later case in which he allegedly received an 87-year sentence. *See* [ECF No. 1 at 5-7]. He alleges that prosecutors directed the witness to "falsify claims" and "refused to take action against [her] perjury." [*Id.* at 7]. Likewise, the prosecutors allegedly allowed "outside felony witness tampering." [*Id.*] As a result,

1

plaintiff incurred "fraudulent prosecutions and incarceration." [*Id.* at 5]. He requests "up to the maximum punitive/monetary damages" based on alleged violations of due process and equal protection. [*Id.* at 7].

## II.     Legal Standard Under 28 U.S.C. § 1915(e)

"[Section] 1915(e) . . . applies to cases in which the plaintiff is proceeding IFP." *Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003) (per curiam). Under 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the Complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *see also Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam). Furthermore, courts hold complaints

that *pro se* prisoners file to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Nonetheless, under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Discussion

When a plaintiff "seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. "Therefore, a plaintiff's damages claim alleging that the defendants unconstitutionally conspired to falsely convict him . . . must be

dismissed unless the conviction has been invalidated." *Plotkin v. United States*, 465 F. App'x 828, 831 (11th Cir. 2012) (per curiam) (citing *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995)); *see also Dukes v. Miami-Dade Cty.*, 232 F. App'x 907, 912 (11th Cir. 2007) (per curiam) ("[J]udgment in favor of plaintiff who alleged a conspiracy to convict him falsely would necessarily imply the invalidity of his conviction[.]" (citing *Abella*, 63 F.3d at 1065)).

Here, the thrust of the Complaint is that the Defendants conspired to falsely convict him and use the false conviction to unlawfully enhance his sentence. Furthermore, he has not alleged that his conviction or the allegedly unlawful sentence has been invalidated. Thus, *Heck* bars the Complaint.

Plaintiff's conclusory allegations also fail to state a valid § 1983 claim. He has not alleged reasonably detailed "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (emphasis added); *see also Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." (citation omitted)).

Plaintiff's claim for supervisory liability is not cognizable because he has not stated a facially plausible individual-capacity § 1983 claim. *See Beshers v. Harrison*, 495 F.3d 1260, 1264 n.7 (11th Cir. 2007) ("We need not address the Appellant's

claim[] of . . . supervisory liability since we conclude no constitutional violation occurred." (citations omitted)). And the Eleventh Amendment bars his official-capacity claims for damages against state officials. *Compare Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." (citation omitted)), *with Henry v. Fla. Bar*, 701 F. App'x 878, 880 (11th Cir. 2017) (per curiam) ("Congress has not abrogated Eleventh Amendment immunity in 42 U.S.C. §§ 1981, 1983, or 1985 cases, and Florida has not waived its Eleventh Amendment immunity in federal civil rights actions." (citations omitted)).

## IV.   Conclusion

As discussed above, it is **RECOMMENDED** that the Complaint [ECF No. 1] be **DISMISSED** pursuant to *Heck* and for failure to state a claim. It is further recommended that this case be **CLOSED** by the Clerk of Court.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149

(1985); *Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citations omitted).

    **SIGNED** this 1st day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Brandon Michael Race
       K08587
       Walton Correctional Institution
       Inmate Mail/Parcels
       691 Institution Road
       De Funiak Springs, FL 32433
       PRO SE