UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-81053-RAR

**BRANDON MICHAEL RACE**,

    Plaintiff,

v.

**DAVID ANDREW ARONBERG**, *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING
## REPORT AND RECOMMENDATION AND DISMISSING CASE

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Lisette Reid's Report and Recommendation [ECF No. 7] ("Report"), entered on October 1, 2020. The Report recommends that the Court dismiss Plaintiff Brandon Michael Race's Complaint [ECF No. 1], which alleges violations under 28 U.S.C. section 1983. *See* Report at 1. Specifically, Magistrate Judge Reid recommends dismissal of Plaintiff's Complaint for failure to state a claim and because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See id.* at 2-5.

The Report properly notified Plaintiff of his right to object to Magistrate Judge Reid's findings, as well as the consequences for failing to object. *Id.* at 5-6. The time for objections has passed, and Plaintiff did not file any objections to the Report.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). However, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has

acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Because Plaintiff has not filed an objection to the Report, the Court did not conduct a *de novo* review of Magistrate Judge Reid's findings.  Rather, the Court reviewed the Report for clear error.  Finding none, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 7] is **AFFIRMED AND ADOPTED**.
2. The Complaint [ECF No. 1] is **DISMISSED**.
3. No certificate of appealability shall issue.
4. The Clerk is directed to **CLOSE** this case and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Ft. Lauderdale, Florida, this 26th day of October, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   *Pro Se Plaintiff*
       Counsel of record
       Magistrate Judge Lisette Reid